IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN DRISCOLL, III, *et al.*,

    *Plaintiffs*,

v.

    Civil Action No. ELH-15-01168

MOHAMMAD A. FAROOQ,

    *Defendant*.

**MEMORANDUM**

On April 24, 2015, defendant Mohammad A. Farooq, along with Akhtar Shameem, removed to this Court a foreclosure action originally filed in the Circuit Court for Washington County, titled *John E. Driscoll, III, et al. v. Mohammad A. Farooq*, Case No. 21C13046676 (docket) *available at* www.casesearch.courts.state.md/us.[1] *See* ECF 1 (Notice of Removal); ECF 3 (motion from State action).  Defendant failed to file the original pleadings from the State court action with the removal.  But, on May 18, 2015, he filed 51 exhibits, including a partial copy of the docket from the State action, *see* ECF 9-26, and a copy of the pleadings instituting a foreclosure action filed against him in March 2013 by Driscoll and others.  *See, e.g.*, ECF 9-51.

In his Notice of Removal, Farooq alleged that this Court has subject matter jurisdiction over the action under 28 U.S.C. § 1331 (federal question) and § 1332 (diversity jurisdiction).  ECF 1 at 1.  On May 15, 2015, defendant filed an amended notice of removal,  in which he alleged the same jurisdictional bases.  ECF 8 at 1-4 ("Corrected Notice") at 1.[2]  The removal

---

[1] Defendant captioned the notice as *Federal national* [sic] *Mortgage Association v. Mohammad a.* [sic] *Farooq, et al.*

[2] In both notices, two defendants are listed on page one:  Mohammad A. Farooq and Akhtar Shameem.  *E.g.*, ECF 8 at 1.  Only Farooq is named as a defendant in the State action,

appears to have been spawned by the filing of a motion in the State court on April 3, 2015, titled "Foreclosure Purchaser's Motion For Judgment Awarding Possession." ECF 3. The motion was filed by Federal National Mortgage Association, but the plaintiffs are identified as the Substitute Trustees, consistent with ECF 9-51. *Id.*

In the Corrected Notice, Farooq alleges that this Court has subject matter jurisdiction under § 1331, "because of the fact that [the case involves] federal questions under Fair Debt Collection Practices Act (FDCPA) … ." ECF 8 at 1. Further, defendant alleges that this Court has jurisdiction under § 1332 because the amount in controversy exceeds $75,000. *Id.* ¶ 19. He asserts that "Defendants all are citizens of the State of Maryland," *id.* ¶ 15, and "Federal National Mortgage Association is deemed to be a citizen of Washington DC and Virginia pursuant to 28 U.S.C. § 1348." *Id.* ¶ 16. "Therefore," defendant concludes, "complete diversity exists between Fannie Mae and defendants." *Id.* However, the Corrected Notice does not address the citizenship of the named plaintiffs in the State action, or why the case was removed by two defendants when the underlying action named only one defendant. ECF 8.

This Court, like all federal courts, has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Under 28 U.S.C. § 1331, a court may obtain subject matter jurisdiction in a case involving a federal question. Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete

however. *See* Case No. 21C13046676 (Cir. Ct. Washington Cnty. Md.). Therefore, it is unclear why he is named as a defendant here, or as a removing party.

diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 559 U.S. at 96.

In my view, defendant has not adequately established that this Court has subject matter jurisdiction under either § 1331 or § 1332.  Although defendant mentions the FDCPA, the allegations as to the FDCPA do not appear in the initial State pleadings, *see* ECF 9-51, nor has the defendant pointed to any such allegations in the State record.  And, in any event, I can see no reason why the parties who initiated the State action to foreclose on defendant's home would have sued for violation of the FDCPA.  Accordingly, I am not persuaded that the foreclosure action involves a federal question.

Moreover, as stated, defendant has completely failed to address the citizenship of the named plaintiffs in the State action.  Thus, I am not persuaded that this Court has jurisdiction under § 1332.

In light of these concerns, on June 10, 2015, I issued an Order (ECF 11) outlining the same issues, and directing defendant to address how the underlying State case establishes federal question jurisdiction; provide the citizenship of all named plaintiffs in the State action, including John E. Driscoll, III; Jana M. Gantt; Laura D. Harris; Kimberly Lane; and Deena L. Reynolds; and/or to explain to the Court why he believes the citizenship of the named plaintiffs is irrelevant to the Court's diversity analysis.

On June 24, 2015, defendant responded to my Order of June 10.  ECF 12 ("Response"). In his Response, defendant reiterated his belief that this Court has subject matter jurisdiction pursuant to "28 U.S.C. §§ 1331, 1332, 1442, and 1446."  *Id.* at 1.  The Response does not identify the citizenship of the named State plaintiffs, or explain why defendant believes the citizenship of the named State plaintiffs is irrelevant, or even acknowledge the Court's question. But, the Response describes six "Federal Causes of Action."  *Id.* at 1-4.  However, defendant does not explain how or where these causes are alleged in the State complaint.  Rather, it appears that defendant intends to allege these causes of action via his Response, or to assert them as defenses.

Accordingly, for the reasons expressed here and in my Order of June 10, 2015, I am satisfied that this Court lacks subject matter jurisdiction over this action.  *See*, *e.g.*, *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) ("For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law.") (Emphasis in original); 28 U.S.C. §§ 1332, 1441.

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Therefore, I will remand the action to the Circuit Court for Washington County.

A separate Order follows, consistent with this Memorandum.

Date: June 25, 2015                    _____/s/_____
                                       Ellen Lipton Hollander
                                       United States District Judge